JUDGE KAPLAN 09 CV 1950

DUANE MORRIS LLP
Gregory P. Gulia
Eric W. McCormick
Christopher J. Rooney
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

RECEIVED MAR 03 2009 U.S.D.C. S.D. N.Y. CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC., Plaintiff, -against- CREATIVE TECHNOLOGIES, LLC and RICK GOREN, Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Unilever Supply Chain, Inc., by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is an action for trademark infringement, trademark dilution and unfair competition with respect to Plaintiff's federally registered and famous Q-TIPS® trademark. Q-TIPS® brand products are extraordinarily famous in the United States. This action arises out of Defendants' unauthorized past, current and planned use of the name QUICKTIP in connection with a dispenser for cotton swabs. Defendants are advertising, distributing and selling their dispenser for cotton swab products under the QUICKTIP name, which provides the basis for Plaintiff's claims for federal trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a),

15 U.S.C. § 1125(a)(1), for federal trademark dilution under § 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and for substantial and related claims of unfair competition, deceptive trade practices, dilution, and injury to business reputation under the state and common laws of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b), and under principles of supplementary jurisdiction.

3. This Court has personal jurisdiction over Defendant Creative Technologies, LLC because Creative Technologies, LLC sells and markets its products to customers located in the State of New York.

4. This Court has personal jurisdiction over Defendant Rick Goren because Rick Goren is the owner and principal of Creative Technologies, LLC and he directs and exerts substantial control over all or substantially all of Creative Technologies, LLC's activities and operations, including the activities that give rise to New York jurisdiction in this matter.

5. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendants do business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

7. Plaintiff Unilever Supply Chain, Inc. ("Unilever Supply Chain") is a corporation duly organized and existing under the laws of Delaware with offices at 1 John Street, Clinton, Connecticut 06413. Plaintiff Unilever Supply Chain is the owner of U.S. federal trademark registrations for the famous Q-TIPS® trademark ("Q-TIPS® Mark").

8. Upon information and belief, Defendant Creative Technologies, LLC ("Creative Technologies") is a limited liability company duly organized and existing under the laws of Indiana, having a place of business at 4825 E. 96th Street, Suite 1200, Indianapolis, Indiana 46240.

9. Upon information and belief, Defendant Rick Goren ("Goren") is the owner and principal of Creative Technologies.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiff's Intellectual Property

10. Plaintiff and its licensees are leading manufacturers, distributors and sellers of cotton swab and other personal care products.

11. Plaintiff and its predecessors and their licensees have sold cotton swab products and other personal care products under the Q-TIPS® Mark continuously in interstate commerce since at least as early as 1926. The Q-TIPS® Mark is prominently featured on product packaging and in advertising, promotional materials, displays and the like.

12. Plaintiff is the owner of the following valid and subsisting U.S. trademark registrations, among others, for the mark Q-TIPS® for cotton swab products: Registration Nos. 0309256, 0591736, 1307624 and 2809256. Registration Nos. 0309256, 0591736 and 1307624

are incontestable registrations and serve as conclusive evidence of Plaintiff's exclusive right to use the marks on the goods cited therein. Registration No. 2809256 serves as prima facie evidence of the validity of the registered mark and of the registration for the mark, of Plaintiff's ownership of the mark and the exclusive right to use the mark on the goods cited in the registration. Copies of these Certificates of Registration are attached hereto as Exhibit 1 and are incorporated herein by reference.

13. Q-TIPS® brand products are currently available and sold to consumers throughout this District, this State and the United States.

14. Over the years, the volume of sales of goods under the Q-TIPS® Mark has been enormous. The Q-TIPS® brand is the largest selling brand of cotton swab products in the United States.

15. The extraordinary and longstanding success of Q-TIPS® brand products over many years has fostered wide renown with the trade and public. The products sold under the Q-TIPS® Mark have a reputation for being of the highest quality.

16. Q-TIPS® brand products are continuously and extensively advertised and promoted in a wide variety of national media including nationally circulated newspapers and magazines.

17. Q-TIPS® brand products are advertised and promoted on a website located at the internet address www.qtips.com. Product information regarding Q-TIPS® brand products is displayed on the website located at the internet address www.qtips.com.

18. As a result of this time and effort, extensive promotion and advertising, and large sums spent developing and marketing Q-TIPS® brand products, the Q-TIPS® Mark has acquired

and maintains an outstanding celebrity and fame symbolizing a substantial and material goodwill throughout the United States.

19. Because of the extensive promotion and use of Plaintiff's Q-TIPS® Mark, the Q-TIPS® Mark has acquired enormous value and secondary meaning. Plaintiff's Q-TIPS® Mark is extremely well known to the consuming public and trade as identifying and distinguishing Q-TIPS® brand products from competing products.

B. Defendants' Unlawful Activities

20. Upon information and belief, Defendants Creative Technologies and Goren (collectively, "Defendants") manufacture, market, distribute and sell a dispenser for cotton swabs under the name QUICKTIP throughout the United States through Defendants' website located at www.quick-tip.com and through online retailers. Upon information and belief, Defendants' dispenser for cotton swabs is marketed in packaging bearing the QUICKTIP name.

21. Defendant Goren owns the domain name registration for the domain name quick-tip.com and the domain name registration for the domain name usequicktip.com.

22. Consumers are likely to be misled by Defendants' unauthorized and infringing use of QUICKTIP to believe that Defendants' products are sponsored by, licensed from or otherwise affiliated with Plaintiff and/or Q-TIPS® brand products.

23. Defendants began use of QUICKTIP without obtaining permission or license from Plaintiff. Without Plaintiff's permission or knowledge, Defendant Creative Technologies filed applications with the United States Patent and Trademark Office (PTO) to register QUICKTIP and Design under Serial. No. 77/491,481 for "dispenser for personal care product, namely, cotton swabs and cotton balls" and QUICK TIP under Serial No. 77/398,164 for

"dispenser for personal care product, namely cotton swabs and cotton balls." These applications are currently pending in the PTO.

24. On November 20, 2008, Plaintiff's counsel sent a letter to the filing correspondent for Defendant Creative Technologies' trademark applications at that time advising her of Plaintiff's rights in the Q-TIPS® Mark and demanding that Defendant Creative Technologies cease all use of QUICKTIP or any variation thereof. Annexed hereto as Exhibit 2 is a copy of Plaintiff's November 20, 2008 letter to Defendant Creative Technologies' counsel. Plaintiff's counsel sent follow-up letters to Defendant Creative Technologies' counsel on December 10, 2008 and January 9, 2009 but never received a substantive response. Despite being put on notice of Plaintiff's exclusive rights in the Q-TIPS® Mark, Defendants have not ceased their illegal activities.

25. Defendants' use of and Defendant Creative Technologies' applications to register QUICKTIP (and variations thereof) in the United States occurred long after Plaintiff and its predecessors and their licensees began using the Q-TIPS® Mark, had obtained federal registrations for the Q-TIPS® Mark, and the Q-TIPS® Mark had acquired enormous goodwill and become famous.

26. Defendants have not ceased use of QUICKTIP.

27. Defendants adopted, commenced use of and are using and planning to use QUICKTIP with the intent and purpose of trading on the extensive goodwill built up by Plaintiff in Plaintiff's Q-TIPS® Mark and to reap the benefits of years of effort and investment by Plaintiff and its predecessors and their licensees to create public recognition of Plaintiff's Q-TIPS® Mark and the products sold thereunder.

28. Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

29. Defendants' acts of imitation have been committed with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

30. Plaintiff realleges paragraphs 1 through 29 above and incorporates them by reference as if fully set forth herein.

31. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's registered Q-TIPS® Mark in connection with Defendants' cotton swabs dispenser infringes Plaintiff's exclusive rights in its federally registered marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

32. Defendants have used a copy, variation, simulation or colorable imitation of Plaintiff's Q-TIPS® Mark with full knowledge of the long and extensive prior use of the Q-TIPS® Mark by Plaintiff and its predecessors and their licensees.

33. Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its good will and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a)(1))**

34. Plaintiff realleges paragraphs 1 through 33 above and incorporates them by reference as if fully set forth herein.

35. Defendants' use of QUICKTIP with its cotton swabs dispenser is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, false description and representation of Defendants' goods and a false representation that Defendants' goods are

sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiff and/or Q-TIPS® brand products in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

36. Upon information and belief, Defendants began using and continue to use QUICKTIP in connection with their cotton swabs dispenser with full knowledge of Plaintiff and its predecessors and their licensees' long and extensive prior use of Plaintiff's Q-TIPS® Mark.

37. Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its good will and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(1)(c))**

38. Plaintiff realleges paragraphs 1 through 37 above and incorporates them by reference as if fully set forth herein.

39. By reason of Plaintiff and its predecessors and their licensees' continuous and extensive use and advertising of their products in connection with the Q-TIPS® Mark, the Q-TIPS® Mark has become famous and highly distinctive of Plaintiff and is uniquely associated with Plaintiff.

40. Defendants' above-described actions occurred long after Plaintiff's Q-TIPS® Mark acquired fame, and will, unless restrained, likely dilute the distinctive quality of Plaintiff's famous Q-TIPS® Mark by destroying the exclusive association between Plaintiff's Q-TIPS® Mark and its goods, and/or otherwise lessening the capacity of the Q-TIPS® Mark to identify Plaintiff and its goods exclusively and/or tarnishing Plaintiff's valuable Q-TIPS® Mark by undermining and damaging the goodwill and reputation associated with the Q-TIPS® Mark.

41. Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiff irreparable damage

and will, unless restrained, continue to so damage Plaintiff, which has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

42. Plaintiff realleges paragraphs 1 through 41 above and incorporates them by reference as if fully set forth herein.

43. Upon information and belief, Defendants were aware of Plaintiff's prior use of Plaintiff's Q-TIPS® Mark, and adopted and used the QUICKTIP name in disregard of Plaintiff's rights in Plaintiff's Q-TIPS® Mark. Upon information and belief, Defendants' use of the QUICKTIP name has resulted in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendants. The effect of Defendants' misappropriation of the goodwill symbolized by Plaintiff's Q-TIPS® Mark is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

44. Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**DILUTION AND INJURY TO BUSINESS REPUTATION**
**(N.Y. General Business law §360-l)**

45. Plaintiff realleges paragraphs 1 through 44 above and incorporates them by reference as if fully set forth herein.

46. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's Q-TIPS® Mark has caused and will continue to cause the dilution of the distinctive quality of Plaintiff's Q-TIPS® Mark, resulting in injury to Plaintiff's business reputation.

47. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's Q-TIPS® Mark in connection with goods not controlled or otherwise subject to Plaintiff's control has caused and will continue to cause dilution and/or injury to the reputation of Plaintiff and Q-TIPS® brand products.

48. Upon information and belief, Defendants do not own a U.S. trademark registration for QUICKTIP.

49. By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law §360-l.

50. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)**

51. Plaintiff realleges paragraphs 1 through 50 above and incorporates them by reference as if fully set forth herein.

52. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods, in violation of § 349 of the New York General Business Law.

53. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendants.

54. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

(a) using QUICKTIP or QUICK TIP as a trademark;

(b) registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin QUICKTIP or QUICK TIP, or any other mark or name that infringes on or is likely to be confused with Plaintiff's Q-TIPS® Mark;

(c) using or authorizing any third party to use QUICKTIP, QUICK TIP or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Q-TIPS® Mark in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(d) imitating, copying or making any unauthorized use of Plaintiff's Q-TIPS® Mark or any copy, simulation, variation or imitation thereof;

(e) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(f) using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any

marks, names, words, symbols or devices which falsely associate such goods or services with Plaintiff or tend to do so;

(g) diluting the distinctive quality of Plaintiff's Q-TIPS® Mark;

(h) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's Q-TIPS® Mark; and

(i) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

2. Requiring Defendant Creative Technologies to formally abandon with prejudice U.S. trademark applications Ser. No. 77/491,481 and Ser. No. 77/398,164 and any other applications to register any trademark or service mark consisting of, containing, or confusingly similar to the Q-TIPS® Mark either alone or in combination with other words and/or designs and to voluntarily cancel with prejudice any registration that may issue from such applications during the pendency of this action.

3. Requiring Defendant Goren to transfer to Plaintiff the domain names quick.tip.com and usequicktip.com and requiring Defendants to transfer to Plaintiff any other domain names owned by Defendant Creative Technologies and/or Defendants Goren that incorporate "Quick" and "Tip" or that are otherwise confusingly similar to Plaintiff's Q-TIPS® Mark.

4. Requiring Defendants to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all goods sold in connection with or bearing QUICKTIP or QUICK TIP.

5. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Q-TIPS® Mark, used alone or in combination with other words and/or designs.

6. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Q-TIPS® brand products.

7. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

8. Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' trademark infringement, trademark dilution, unfair competition, dilution and injury to business reputation and deceptive trade practices.

9. Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

10. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

11. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

12. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
March 3, 2009

Respectfully submitted,

DUANE MORRIS LLP

By: ______________________

Gregory P. Gulia
Eric W. McCormick
Christopher J. Rooney
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Plaintiff
Unilever Supply Chain, Inc.

# Exhibit 1

Int. Cl.: 5

Prior U.S. Cl.: 44

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 309,256

Registered Jan. 9, 1934

Renewal Term Begins Jan. 9, 1994

## TRADEMARK
## PRINCIPAL REGISTER

# Q-TIPS

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD, SUITE 35
WILMINGTON, DE 19809, ASSIGNEE OF Q-TIPS, INC. (NEW YORK CORPORATION) NEW YORK, NY

OWNER OF U.S. REG. NO. 231,847.

FOR: SWABS CONSISTING OF SANITARY ABSORBENT COTTON, ATTACHED TO THE END OF A SMALL PIECE OF WOOD, IN CLASS 44 (INT. CL. 5).

FIRST USE 1-1-1926; IN COMMERCE 1-1-1926.

SER. NO. 71-341,566, FILED 9-14-1933.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 3, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

**Int. Cl.: 5**

**Prior U.S. Cl.: 44**

**United States Patent and Trademark Office**

**Amended**

**Reg. No. 591,736**
**Registered June 22, 1954**
**OG Date June 18, 1996**

## TRADEMARK
## PRINCIPAL REGISTER

Q-tips

CHESEBROUGH-POND'S, INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809, BY ASSSIGNMENT, MERGER AND CHANGE OF NAME AND ASSIGNMENT FROM Q-TIPS, INC. (NEW YORK CORPORATION) LONG ISLAND CITY, NY

OWNER OF U.S. REG. NOS. 231,847 AND 309,256.

FOR: SWABS CONSISTING OF SMALL STICKS OF WOOD OR PAPER HAVING WADS OF COTTON TWISTED ABOUT ONE OR BOTH THEIR ENDS AND INTENDED FOR USE PRIMARILY AS A COSMETIC AID AND DRESSING TABLE ADJUNCT, IN CLASS 44 (INT. CL. 5).

FIRST USE 1-1-1926; IN COMMERCE 1-1-1926.

SER. NO. 71-642,047, FILED 2-10-1953.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 18, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

**Int. Cl.: 5**

**Prior U.S. Cl.: 44**

**Reg. No. 1,307,624**
**Registered Dec. 4, 1984**

# United States Patent and Trademark Office

## TRADEMARK
**Principal Register**

## Q-TIPS

Chesebrough-Pond's Inc. (New York corporation)
33 Benedict Pl.
Greenwich, Conn. 06830

For: COTTON TIPPED APPLICATORS FOR MEDICAL PURPOSES, in CLASS 5 (U.S. Cl. 44).

First use Nov. 10, 1983; in commerce Nov. 10, 1983.

Owner of U.S. Reg. Nos. 591,736 and 928,702.

Ser. No. 453,933, filed Nov. 21, 1983.

JODY HALLER DRAKE, Examining Attorney

**Int. Cl.: 3**

**Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52**

**Reg. No. 2,809,256**
**Registered Jan. 27, 2004**

**United States Patent and Trademark Office**

# TRADEMARK
## PRINCIPAL REGISTER

CHESEBROUGH-POND'S INC. (DELAWARE CORPORATION)
501 SILVERSIDE ROAD
WILMINGTON, DE 19809

FOR: COTTON SWABS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-17-2002; IN COMMERCE 6-17-2002.

OWNER OF U.S. REG. NOS. 309,256, 1,307,624, AND OTHERS.

SN 76-466,973, FILED 11-7-2002.

PAUL F. GAST, EXAMINING ATTORNEY

# Exhibit 2

Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

ERIC W. MCCORMICK
DIRECT DIAL: 212.692.1008
*E-MAIL: ewmccormick@duanemorris.com*

*www.duanemorris.com*

November 20, 2008

**BY FEDEX & FAX (317) 231-7433**

Sravana Yarlagadda, Esq.
Barnes & Thornburg, LLP
11 S. Meridian Street
Indianapolis, IN 46204

**Re: Objection to Use and Attempted Registration of <u>QUICK TIP/QUICKTIP (Our Ref. Y0759-00661)</u>**

Dear Ms. Yarlagadda:

We are trademark counsel to Unilever, owner of the famous Q-TIPS® trademark ("Q-TIPS® Mark"). We are writing to you as the filing correspondent for United States Trademark Applications Serial Nos. 77/398,164 and 77/491,481 for the purported marks QUICK TIP and QUICKTIP & Design for "dispenser for personal care product, namely, cotton swabs and cotton balls" (collectively, the "QUICK TIP Marks") owned by Creative Technologies, LLC ("Creative Technologies").

As you may know, Q-TIPS® brand products are among the most successful and popular personal care products in the United States. Unilever and its predecessors have been using its famous Q-TIPS® Mark in the United States since at least as early as 1926. Unilever has invested significant amounts of time, effort and many millions of dollars developing and marketing the Q-TIPS® Mark and the products marketed and sold thereunder. As a result of Unilever's extensive marketing and promotional efforts for over the past 80 years, sales of the Q-TIPS® brand products have been enormous and the Q-TIPS® Mark has engendered widespread fame and recognition in the United States, Canada and around the world. Indeed, Q-TIPS® brand cotton swabs grossed over <u>$150 million</u> dollars in annual sales in 2006. In light of these efforts and Unilever's maintenance and control over the quality of its products and services, when consumers see the Q-TIPS® Mark, they know that the products will be of the highest quality.

The strength and integrity of the Q-TIPS® Mark is further bolstered and protected by numerous federal trademark registrations. These registrations include the following incontestable registrations: Registration Nos. 0309,256; 0591,736; and 0928,702.

DuaneMorris



Unilever has recently learned that your client Creative Technologies has filed applications to register QUICK TIP and QUICKTIP & Design as trademarks with the United States Patent and Trademark Office (respectively, Serial Nos. 77/398,164 and 77/491,481) covering "dispenser for personal care product, namely, cotton swabs and cotton balls" and claims to use the purported QUICK TIP Marks as trademarks in connection with the goods cited in the Applications.

The purported QUICK TIP Marks are confusingly similar in sight, sound and commercial impression to Unilever's Q-TIPS® Mark. Confusion is further exacerbated by the fact that Creative Technologies is using the purported QUICK TIP Marks in connection with dispensers for cotton swabs, the very products marketed and sold by Unilever in connection with its famous Q-TIPS® Mark. As such, your client's use of the purported QUICK TIP Marks is likely to mislead consumers into mistakenly believing that your client's products are sponsored by, licensed from or otherwise affiliated with Unilever and/or its Q-TIPS® products. As a result, use of the purported QUICK TIP Marks by your client infringes Unilever's exclusive rights in its Q-TIPS® Mark and constitutes trademark infringement and unfair competition in violation of Unilever's rights under federal and state law, including the Lanham Act. Furthermore, Unilever is concerned that use of the purported QUICK TIP Marks is likely to dilute Unilever's famous Q-TIPS® Mark in violation of the Federal Trademark Dilution Act and the anti-dilution laws of various states.

In view of the foregoing, we must insist that your client supply us with written confirmation by the close of business on Thursday, December 4, 2008 that it:

(1) has ceased all use and planned use of the purported QUICK TIP Marks, any variation thereof, and any other name, mark or domain name confusingly similar to the Q-TIPS® Mark, including without limitation the domain name www.quick-tip.com (collectively, the "Infringing Marks"); and,

(2) has permanently abandoned all federal, state or domain name registrations for or applications to register as trademarks any Infringing Marks including, without limitation, United States Trademark Applications, Serial Nos. 77/398,164 and 77/491,481, for the respective marks QUICK TIP and QUICKTIP & Design, and the domain name www.quick-tip.com.

DuaneMorris



Thank you for your prompt attention to this matter.

This notification and demand is made without prejudice to any of Unilever's rights, claims and/or remedies, all of which are expressly reserved.

Sincerely,

Eric W. McCormick

cc: Gregory P. Gulia, Esq.
Vanessa C. Hew, Esq.

DM2\1609725.1